IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-09-0665 |
| KENARD LAWSON, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On April 8, 2010, pursuant to a plea agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant Kenard Lawson ("Defendant" or "Lawson") pled guilty to carjacking, in violation of 18 U.S.C. § 2119(1) and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (ECF No. 28.)  On May 26, 2010, consistent with the agreement of the Government and the Defendant, this Court imposed the agreed-upon sentence of a total term of 114 months of incarceration followed by 36 months of supervised release.  (Judgment & Commitment Order ("J&C"), ECF No. 34.) Lawson commenced his period of supervised release following his release from custody in 2018.  On October 8, 2019, this Court found Lawson in violation of supervised release based upon his failure to report to his probation officer and sentenced him to a 3-month term of incarceration to be followed by supervised release.  (Judgment for Revocation with Supervised Release, ECF No. 71.)  Lawson was released from custody on December 31, 2019.

Once again, Lawson is charged with violations of supervised release.  He has been arrested three times since his release.  In three criminal cases before the District Court of

Maryland for Baltimore City, Lawson is charged with, *inter alia*, narcotics possession with intent to distribute, possessing a firearm in furtherance of a drug trafficking crime, and burglary. (District Court of Maryland for Baltimore City Crim. Case No. 1B02415757, 5B02413913, 3B02416263; ECF Nos. 93-1, 93-2, 93-3.)  As a result of these arrests, as well as his alleged failure to provide proof of employment and to attend educational and vocational service programs, Lawson is once again accused of violating the terms of supervised release. (Petition on Supervised Release, ECF No. 86 (*SEALED*)).  On April 29, 2020, Magistrate Judge DiGirolamo of this Court issued an Order of Detention pending a violation of supervised release hearing. (ECF No. 82.)  Now pending is Lawson's Appeal of Detention Order (ECF No. 91) (*SEALED*), filed pursuant to 18 U.S.C. § 3145(b).  The Motion has been reviewed and no hearing is necessary.[1]  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons stated herein, Lawson's Appeal of Detention Order (ECF No. 91) (*SEALED*) is DENIED.[2]

## BACKGROUND

On December 29, 2009, the Grand Jury returned a three-count Indictment charging Defendants Keith Dorsey and Kenard Lawson with conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Count One); carjacking, in violation of 18 U.S.C. § 2119(1) (Count Two); and possession of a firearm in furtherance of a crime of violence, in violation of 18

---

[1] This Court need not conduct a hearing to adjudicate the pending appeal.  As Judge Grimm of this Court has explained, "there is ample authority for the conclusion that the Court may decide [appeals from detention orders] on the filings (including proffers offered by counsel) as opposed to a hearing." *United States v. Martin*, --- F. Supp. 3d ---, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020).

[2] Lawson's state court criminal charges remain pending.  These pending state charges form the basis for Violations 1, 2, 6, and 7.  Violations 3, 4, and 5 concern allegations independent of the criminal charges.  Accordingly, Counsel for Lawson and the Government are directed to contact Chambers to schedule a VOSR Hearing as to Violations 3, 4 and 5.

U.S.C. § 924(c) (Count Three). (Indictment, ECF No. 13.) On April 8, 2010, pursuant to the terms of a plea agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C), Lawson pled guilty to Counts Two and Three of the Indictment and not guilty as to Count One. (ECF No. 28.) On May 26, 2010, this Court accepted the parties' agreed-upon sentence and imposed a total term of 114 months of incarceration followed by 36 months of supervised release. (Judgment & Commitment Order ("J&C"), ECF No. 34.) Count One was dismissed upon the motion of the Government. (*Id.*)

On October 8, 2019, this Court found Lawson in violation of supervised release and sentenced him to a 3-month term of incarceration. (Judgment for Revocation with Supervised Release, ECF No. 71.) Lawson was released from custody on December 31, 2019. Since his release, Lawson has been arrested three times. In three criminal cases before the District Court of Maryland for Baltimore City, Lawson is charged with, *inter alia*, narcotics possession with intent to distribute, possessing a firearm in furtherance of a drug trafficking crime, and burglary. (District Court of Maryland for Baltimore City Crim. Case No. 1B02415757, 5B02413913; 3B02416263, ECF Nos. 93-1, 93-2, 93-3.) Subsequently, the United States Probation Office has alleged that Lawson violated the terms of supervised release by committing the crimes charged in state court, possessing a firearm, failing to work or provide proof of employment, and failing to participate in vocational and educational programs. (Petition on Supervised Release, ECF No. 86 (*SEALED*)).

On February 24, 2020, the United States Probation Office filed a Petition on Supervised Release; an amended petition followed on April 27, 2020. (ECF Nos. 73, 78.) On

April 29, 2020, Lawson attended an initial appearance for the two petitions and Magistrate Judge DiGirolamo of this Court conducted a Detention Hearing. (ECF Nos. 79, 80.) At the conclusion of the hearing, Judge DiGirolamo ordered Lawson's detention pending a hearing concerning Lawson's alleged violation of supervised release ("VOSR"). In a Detention Order (ECF No. 82), Judge DiGirolamo found that Lawson had not established by clear and convincing evidence that he will not flee or pose a danger if released, as is his burden under Federal Rule of Criminal Procedure 32.1. Specifically, Judge DiGirolamo noted that Defendant had previously absconded from supervision in December 2018, was found in violation of supervised release in October 2019, and that there was strong evidence that he had engaged in criminal conduct on three occasions between February 12, 2020 and March 12, 2020.[3] (ECF No. 82 at 3.)

While the federal court proceedings were underway, Lawson filed a petition for writ of habeas corpus in state court. (ECF No. 91-4) (*SEALED*). On April 24, 2020, the Circuit Court for Baltimore City granted the writ and ordered Lawson's release from incarceration pending trial on the state charges. (ECF No. 91-1) (*SEALED*). Accordingly, Lawson is now incarcerated solely as a result of Judge DiGirolamo's Detention Order. On May 22, 2020, Lawson filed the presently pending Appeal of Detention Order. (ECF No. 91) (*SEALED*).

---

[3] Following the hearing and Order of Detention, the Probation Office filed two additional amended VOSR petitions. (ECF Nos. 85, 86) (*SEALED*). A second initial appearance was conducted on May 8, 2020. (ECF No. 88.)

4

**STANDARD OF REVIEW**

To determine whether detention is warranted pending a violation of supervised release hearing, the court must consider the following factors enumerated in the Bail Reform Act, 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . a controlled substance [or] firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  A Defendant on supervised release has the burden to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or the community if released.  Fed. R. Cim. P. 32.1.

Pursuant to 18 U.S.C. § 3145(b), a defendant may appeal a magistrate judge's detention order to the District Court.  The District Court must conduct its review *de novo*.  *United States v. Stewart*, 19 F. App'x 46, 47 (4th Cir. 2001).  The District Court need not conduct a hearing to adjudicate the appeal.  *United States v. Martin*, --- F. Supp. 3d ---, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020)

**ANALYSIS**

A *de novo* review of the record indicates that Magistrate Judge DiGirolamo's Detention Order was proper.  Lawson has failed to meet his burden to show, by clear and convincing evidence, that he will not flee or pose a danger to any other person or the community.  The 18 U.S.C. § 3142(g) factors clearly weigh in favor of detention, notwithstanding the potential spread of COVID-19 among prison populations.

I. **Nature and Circumstances of the Offense Charged.**

The offenses of conviction and the alleged violations of supervised release counsel in favor of detention. Lawson's term of supervised release stems from convictions for carjacking, in violation of 18 U.S.C. § 2119(1) and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The presently pending VOSR Petition alleges seven violations of supervised release. (ECF No. 86) (*SEALED*). Four of these alleged violations (Violations 1, 2, 6 and 7) arise from three pending state court criminal proceedings. (District Court of Maryland for Baltimore City Crim. Case No. 1B02415757, 5B02413913; 3B02416263, ECF Nos. 93-1, 93-2, 93-3.) In these proceedings, Lawson is charged with, *inter alia*, possessing a stolen firearm, possessing with intent to distribute narcotics, and committing burglary. (*Id.*) The remaining alleged violations (Violations 3, 4, and 5) charge Lawson with failing to work or provide proof of employment and failing to participate in educational and vocational programs. The serious nature of these charges, especially the possession of a firearm in furtherance of a drug trafficking crime, and Lawson's alleged failure to adhere to standard conditions of supervised release, weigh in favor detention.

II. **Weight of the Evidence.**

As Judge DiGirolamo found, there is substantial evidence that Lawson engaged in the criminal activity which is the subject of the VOSR Petition. (ECF No. 82 at 3.) A search of Lawson's apartment on February 12, 2020 produced a stolen .357 Taurus magnum, 13 rounds of ammunition, and 11.2 grams of cocaine. (ECF No. 93-1 at 5-6.) While fleeing from police on February 20, 2020, officers observed Lawson kick open a window and enter a vacant

building belonging to Lamar Enterprise Solutions, LLC. (ECF No. 93-2 at 3.) Upon his arrest on March 12, 2020, officers recovered a rock of cocaine and several clear gel capsules containing a suspected mixture of heroin and fentanyl. (ECF No. 93-3 at 5.)

### III. History and Characteristics.

In assessing the Defendant's "history and characteristics," this Court must consider, among other factors, his "character . . . past conduct . . . [and] criminal history." 18 U.S.C. § 3142(g)(3)(A). Lawson's previous convictions for carjacking and possessing a firearm, as well as his past violations of supervised release for failing to report to the probation officer, strongly suggest that he is both a danger to the community and a flight risk. Lawson has repeatedly demonstrated contempt for the law and exhibits a propensity to commit further offenses.

### IV. Nature and Seriousness of the Danger to the Community.

Lawson's release would pose a serious danger to the community. Lawson has previously pled guilty to carjacking and possessing a firearm during a crime of violence. He has previously failed to take seriously the conditions of supervised release. He now stands accused of similar behavior—specifically, possessing narcotics, keeping a stolen weapon, and committing burglary. Lawson has repeatedly demonstrated a predilection toward unlawful activity involving weapons and shows no signs of ceasing this activity. Accordingly, he poses a grave risk to the community.

## V.     Risks Associated with COVID-19.

As Judge Hollander of this Court has recently explained, the spread of COVID-19 among prisoner populations is relevant to the 18 U.S.C. § 3142(g) inquiry. *United States v. Davis*, ELH-20-0009, Memorandum Opinion, ECF No. 21 at *6 (D. Md. Mar. 30, 2020). Lawson argues that he is particularly susceptible to infection because he has asthma and abnormally high glucose levels, which can be a precursor to Type II diabetes. (ECF No. 91 at 5; Corizon Health Medical Information, ECF No. 91-5) (*SEALED*). As Lawson notes, the Centers for Disease Control and Prevention ("CDC") has cautioned that chronic lung conditions like asthma may increase the risks associated with COVID-19.[4] He further contends that the Chesapeake Detention Facility ("CDF"), where he is currently in custody, has not taken adequate steps to prevent the spread of COVID-19. (ECF No. 91 at 6) (*SEALED*). In support of this contention, Defendant has attached the Declaration of Dr. Homer Venters, an epidemiologist. (Decl. of Dr. Homer Venters, ECF No. 91-6) (*SEALED*). He also relies on the anonymous reports of CDF residents who claim that social distancing practices are not being observed in the facility.

The record does not suggest that COVID-19 prevention practices at CDF are so substandard as to warrant Lawson's release. As a preliminary matter, Dr. Venters' preliminary assessment of CDF is not wholly supportive of Lawson's position. In his declaration, Dr. Venters cautioned that he could not render a "fully formed opinion" of CDF's practices

---

[4] Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease 2019 – United States, February 12, 2020-March 28, 2020, Ctrs. for Disease Control & Prevention (Mar. 31, 2020), available at https://www.cdc.gov/mmwr/volumes/69/wr/mm6913e2.htm.

because he only had access to a limited cache of documents and was not permitted to perform a site visit. (*Id.* ¶ 6.) Much of Dr. Venters' declaration is concerned with the inadequacy of the information made available to him, rather than the shortcomings of CDF's procedures. (*See, e.g., id.* ¶ 9 ("I did not see any documents from CDF itself addressing this issue.")). Additionally, the Defendant's contention of the prevalence of COVID-19 is unsubstantiated. The Government has provided additional information which reveals that COVID-19 has not overwhelmed CDF. The Government indicates that, as of May 28, 2020, only two CDF inmates were known to have contracted COVID-19. Both inmates contracted COVID-19 before arriving at CDF. Of these, one did not test positive at CDF and the other tested positive during intake and was placed in isolation. (ECF No. 93 at 8.) Only five CDF staff members have tested positive, and three of these have not been to work for several weeks. (*Id.*) The low number of infections, coupled with social distancing policies and other precautions taken by CDF, suggests that COVID-19 has been managed effectively and does not pose a risk so grave that it warrants Lawson's release.

    Accordingly, it is HEREBY ORDERED this 2nd day of June, 2020, that:

1. Lawson's Appeal of Detention Order (ECF No. 91) (*SEALED*) is DENIED;

2. Counsel for Lawson and the Government shall contact Chambers to schedule a VOSR Hearing; and

3. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel.

                                                                                  /s/
                                                        Richard D. Bennett
                                                        United States District Judge